UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DERRICK JOHNSON,

                    Plaintiff,                        15-cv-5415 (PKC)

       -against-                       MEMORANDUM
                                                   AND ORDER

DCM ERECTORS, INC.,

                    Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Derrick Johnson filed a pro se action against defendant DCM Erectors,

Inc., ("DCM") alleging that defendant terminated his employment on the basis of his race,

thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, the

New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 290 - 97, and the

New York City Human Rights Law (the "NYCHRL"), N.Y. City Admin. Code §§8-101 – 03.

        Pursuant to Rule 12(b)(6), Fed. R. Civ. P., defendant moves to dismiss plaintiff's

Title VII claim on the basis that plaintiff failed to exhaust his administrative remedies and to

dismiss plaintiff's NYSHRL and NYCHRL claims on the basis that they are barred by the three-

year statute of limitations.  Alternatively, defendant asks the court to decline to exercise

supplemental jurisdiction over plaintiff's state and city law claims.  For the reasons explained

below, defendant's motion to dismiss is denied.

BACKGROUND

        For the purposes of defendant's motion, all non-conclusory factual allegations

stated in plaintiff's pro se complaint are accepted as true, see Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009), and all reasonable inferences are drawn in favor of the plaintiff as the non-movant,

see In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007).

Plaintiff was a certified welder employed by DCM.  He had been certified since

1994 and a member of his union since 1998.  He alleges that, on June 29, 2012, DCM discharged

him from employment without warning.  According to plaintiff, DCM's stated reasons for firing

plaintiff were that he "didn't get along well with others" and he "took too long to finish a

project."  Plaintiff alleges that these reasons were false, that he was more than qualified to

perform his job, and that he was not late to his job nor missed any days of work.  Rather, he

claims that DCM terminated his employment because he was African-American.

Plaintiff asserts that he filed a charge with the Equal Employment Opportunity

Commission (the "EEOC") on August 2, 2012.  However, as of the filing of his pro se complaint

with this Court, on July 3, 2015, plaintiff claims he never received a "notice-of-right-to-sue"

letter from the EEOC.  Plaintiff is seeking $300,000 in compensatory damages as well as back

and front pay.

DISCUSSION

I.      Legal Standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "The

plausibility standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully."  Id.

At the same time, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).  Courts have a duty to construe a complaint filed by a *pro se* plaintiff liberally, conducting their examination with "special solicitude [and] interpreting the complaint to raise the strongest claims that it suggests." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted).

II.       Title VII Claim.

Generally speaking, plaintiffs are required to file a timely charge with the EEOC before proceeding with a Title VII claim in court.  See Pietras v. Board of Fire Com'rs of Farmingville Fire Dist., 180 F.3d 468, 473 (2d Cir. 1999).  If the EEOC elects not to file a suit on behalf of a plaintiff, the EEOC must notify that plaintiff and provide him with a "notice-of-right-to-sue" letter within 180 days.  See Id.  "After receiving such a 'notice-of-right-to-sue' letter, a plaintiff can bring a civil action against his or her employer." Id.  "[I]t remains the case that exhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (internal citation and quotation marks omitted).

The Second Circuit has held, however, that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to a suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Id. at 474 (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Both the parties and the court can waive the requirement that plaintiffs must obtain a "notice-of-

right-to-sue" letter before bringing their own action under Title VII.  Id.; see also Francis, 235 F.3d at 768.  Some courts in this Circuit have held that a court may waive the administrative requirement only "where a plaintiff has in some extraordinary way been prevented from asserting [his] rights, or when the EEOC has incorrectly refused to issue a right-to-sue letter." Crisci-Balestra v. Civil Serv. Employees Ass'n, Inc., 2008 WL 413812, at *3 (E.D.N.Y. Feb. 13, 2008) (quoting Ishikawa v. City of N.Y. Dep't of Cultural Affairs, 1993 WL 362393 at *5 (S.D.N.Y. Sept. 14, 1993).

Plaintiff alleges that he filed a charge with the EEOC on August 2, 2012.  He also alleges that, as of the time of the filing of his pro se complaint, on July 3, 2015, he had not yet been issued a "notice-of-right-to-sue" letter.  Plaintiff claims in his Memorandum in Opposition to Defendant's Motion to Dismiss, submitted on October 18, 2015, that he still has not received any letter from the EEOC.  Defendant argues that on that basis, and because plaintiff has not shown the existence of some extraordinary circumstance, the Court should dismiss his Title VII claims.  However, at this early stage, the Court cannot say as a matter of law that plaintiff has not exhausted his administrative remedies.  Plaintiff alleges that he filed a charge with the EEOC and never received his "notice-of-right-to-sue" letter.  Given the state of the law in this Circuit, plaintiff may be entitled to a waiver of his administrative requirements and thus he has, at the pleading stage, stated a plausible claim for relief under Title VII.  After the close of discovery, defendant is free to raise non-exhaustion on a motion for summary judgment.  More will be known, the Court assumes, with regard to the August 2, 2012 filing.

III.     NYSHRL and NYCHRL Claims.

Defendant also moves to dismiss plaintiffs NYSHRL and NYCHRL claims on the basis that they are barred by the statute of limitations.  The statute of limitations for NYSHRL

Case 1:15-cv-05415-PKC-GWG   Document 30   Filed 02/02/16   Page 5 of 6

and NYCHRL claims is three years.  See N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8–

502(d).  Because plaintiff alleges he was fired on June 29, 2012, he was required by law to bring

his claim by June 29, 2015.  Plaintiff filed this action after that date, on July 3, 2015.

However, numerous courts in this Circuit have held that "the three-year statute of

limitations applicable to claims under NYSHRL and NYCHRL 'is tolled during the period in

which a complaint is filed . . . with the EEOC.'" Esposito v. Deutsche Bank AG, 2008 WL

5233590, at *5 (S.D.N.Y. Dec. 16, 2008) (quoting Lee v. Overseas Shipping Corp., 2001 WL

849747, at *8 (S.D.N.Y. July 30, 2001); see also Butler v. New York Health & Racquet Club,

768 F. Supp. 2d 516, 536 (S.D.N.Y. 2011); DeNigris v. New York City Health & Hosps. Corp.,

861 F. Supp. 2d 185, 192 (S.D.N.Y. 2012); Russo v. New York Presbyterian Hosp., 972 F. Supp.

2d 429, 445 (E.D.N.Y. 2013).  Therefore, because plaintiff's complaint alleges that he filed a

charge with the EEOC on August 2, 2012 and has yet to receive a response from the EEOC, the

three year statute of limitations may have been tolled from August 2, 2012 to the present.  On

that basis, this Court cannot say at this stage of the litigation that plaintiff's NYSHRL and

NYCHRL claims are, as a matter of law, barred by the statute limitations.

Alternatively, defendant asks the Court to decline to exercise supplemental

jurisdiction over plaintiff's NYSHRL and NYCHRL claims.  Pursuant to 28 U.S.C. § 1367,

federal courts may exercise supplemental jurisdiction "to hear state law claims that are so related

to federal question claims brought in the same action as to 'form part of the same case or

controversy under Article III of the United States Constitution.'" Briarpatch Ltd., L.P v. Phoenix

Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004) (quoting 28 U.S.C. § 1367(a)).  Claims form part

of the same case or controversy when they "derive from a common nucleus of operative fact."

United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  "[I]n other words, they must be such

that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'"

Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 332 (2d Cir. 2011) (quoting Gibbs, 383 U.S. at 725).  Here, because plaintiff's NYSHRL and NYCHRL claims both arise from the exact same set of facts as his Title VII claims—namely, his being terminated by defendant—the Court can undoubtedly exercise supplemental jurisdiction over these claims.

While courts in this Circuit have declined to exercise supplemental jurisdiction over NYSHRL and NYCHRL discrimination claims under circumstances where all other federal discrimination claims have been dismissed, see, e.g., Emmanuel v. Cushman & Wakefield, Inc., 2015 WL 5036970, at *9 (S.D.N.Y. Aug. 26, 2015) (declining supplemental jurisdiction over NYCHRL claim); Lioi v. New York City Dep't of Health & Mental Hygiene, 914 F. Supp. 2d 567, 595 (S.D.N.Y. 2012) (declining supplemental jurisdiction over NYSHRL and NYCHRL claims), here, plaintiff's federal discrimination claims remain pending before the Court.  As such, there is no basis for the Court to decline to exercise supplemental jurisdiction at this stage.

CONCLUSION

Defendant's motion to dismiss is denied in its entirety.  Defendant's arguments may be renewed in a summary judgment motion after the close of discovery.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 2, 2016