UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DERRICK JOHNSON,

                      Plaintiff,                    15-cv-5415 (PKC)

    -against-                            MEMORANDUM
                                                       AND ORDER

DCM ERECTORS, INC.,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Derrick Johnson filed a *pro se* action against defendant DCM Erectors, Inc., ("DCM") alleging that defendant terminated his employment on the basis of his race, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 290 - 97, and the New York City Human Rights Law (the "NYCHRL"), N.Y. City Admin. Code §§ 8-101 – 131.

        The discovery period in this case is complete, and the defendant has moved for summary judgment pursuant to Rule 56, Fed. R. Civ. P. Defendant seeks summary judgment on plaintiff's Title VII, NYSHRL and NYCHRL claims on the basis that they are untimely. Alternatively, defendant asks the court to dismiss the Title VII claim and decline to exercise supplemental jurisdiction over plaintiff's state and city law claims. Defendant has also filed a motion to dismiss pursuant to Rule 37(b)(2)(A)(v), Fed. R. Civ. P. and the Court's inherent power to sanction litigants based on the plaintiff's repeated failure to comply with court orders. The plaintiff has not filed opposition papers and the Court reviews both motions unopposed. For the reasons set forth below, the complaint will be dismissed.

                                                                    Mailed to Mr. Johnson 4/21/2017

BACKGROUND

According to the complaint, plaintiff was a welder employed by DCM. He had been certified as a welder since 1994 and a member of his union since 1998. He alleges that, on June 29, 2012, DCM discharged him from employment without warning. According to plaintiff, DCM's stated reasons for firing plaintiff were that he "didn't get along well with others" and he "took too long to finish a project." Plaintiff alleges that these reasons were false, that he was more than qualified to perform his job, and that he was not late to his job nor missed any days of work. Rather, he claims that DCM terminated his employment because he was African-American.

Plaintiff asserts that he filed a charge with the Equal Employment Opportunity Commission (the "EEOC") on August 2, 2012. However, as of the filing of his *pro se* complaint with this Court, on July 8, 2015, plaintiff claims he never received a "notice-of-right-to-sue" letter from the EEOC. Plaintiff is seeking $300,000 in compensatory damages as well as back and front pay.

DISCUSSION

I.  Summary Judgment Standard.

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). On a motion for summary judgment, the court must "construe the facts in the light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the movant." Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014) (quotation marks

omitted). It is the initial burden of the movant to come forward with evidence on each material element of his claim or defense, demonstrating that he is entitled to relief, and the evidence on each material element must be sufficient to entitle the movant to relief in its favor as a matter of law. Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

When a motion for summary judgment is unopposed, as it is here, courts "must review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law," because "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 246, 244 (internal quotation marks and citation omitted). "Moreover, in determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." Id. at 244.

Courts afford special solicitude to *pro se* litigants confronted with motions for summary judgment. See Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). However, a party's *pro se* status does not alter the obligation placed on the party opposing summary judgment to come forward with evidence demonstrating that there is a genuine dispute regarding material fact. Miller v. New York City Health & Hospital Corp., No. 00 Civ. 140 (PKC), 2004 WL 1907310, at *9 (S.D.N.Y. Aug. 25, 2004). As a *pro se* litigant, the plaintiff was served with the notice required by Local Rule 56.2, informing him of the nature of a summary judgment motion and the manner in which it could be opposed. (Dkt. 70). Although plaintiff has submitted no opposition papers, the Court draws every reasonable inference in his favor. Delaney, 766 F.3d at 167.

II. Title VII Claim.

Generally speaking, plaintiffs are required to file a timely charge with the EEOC before proceeding with a Title VII claim in court. See Pietras v. Bd. of Fire Comm'rs of Farmingville Fire Dist., 180 F.3d 468, 473 (2d Cir. 1999); Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) ("[I]t remains the case that exhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply.") (internal citation and quotation marks omitted). If the EEOC elects not to file a suit on behalf of a plaintiff, the EEOC must notify that plaintiff and provide him with a "notice-of-right-to-sue" letter within 180 days. See Pietras, 180 F.3d at 473.

"In order to be timely, [a plaintiff's Title VII action] must be filed within 90 days of the claimant's receipt of a right-to-sue letter" from the EEOC. Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(f)(1) and Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50, (1984) (per curiam)). Both the 90-day rule, and the requirement that a plaintiff file a timely charge with the EEOC, are not jurisdictional prerequisites however, and are therefore subject to equitable tolling. Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)); Francis, 235 F.3d at 768. "Normally it is assumed that a mailed [notice-of-right-to-sue letter] is received three days after its mailing." Sherlock, 84 F.3d at 525. "And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." Id. at 526. However, the initial presumption is not dispositive "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed

4

later than its typewritten date or that it took longer than three days to reach [plaintiff] by mail." Id.

Plaintiff alleges that he filed a charge with the EEOC on August 2, 2012. (Compl. 3). He also alleges that, as of the time of the filing of his *pro se* complaint, on July 8, 2015, he had not yet been issued a "notice-of-right-to-sue" letter. (Id. at 4). Fact discovery has now closed and the defendant has obtained documents from the EEOC showing that the plaintiff failed to return a finalized Charge of Discrimination which the EEOC sent to the plaintiff by email on March 6, 2013. (Bar-Kokhba Decl. Exs. 5, 6). Because the EEOC never received this charge, it dismissed plaintiff's complaint and issued him a "right-to-sue" letter which was mailed on April 17, 2013. (Id. Exs. 4, 5). Absent evidence to the contrary, the Court assumes that plaintiff received this letter on April 20, 2013. See Sherlock, 84 F.3d at 525. Therefore, the present action must be dismissed as untimely as it was filed on July 8, 2015, almost two years after the 90-day deadline had passed. Id. Aside from his earlier statements in the complaint and in his opposition to defendant's motion to dismiss that he has not received a right-to-sue letter (Compl. 4; Dkt. 25), plaintiff has presented no evidence to rebut the presumption that the right-to-sue letter was mailed and received and the record contains no evidence of circumstances that would entitle him to any equitable defenses.

For the reasons set forth above, plaintiff has failed to raise a triable issue of fact with respect to the timeliness of his Title VII claim. Defendant is therefore entitled to summary judgment.

5

III.     NYSHRL and NYCHRL Claims.

Pursuant to 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction "to hear state law claims that are so related to federal question claims brought in the same action as to 'form part of the same case or controversy under Article III of the United States Constitution.'" Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004) (quoting 28 U.S.C. § 1367(a)).  However, a district court "may decline to exercise supplemental jurisdiction over a claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Having dismissed plaintiff's Title VII claim, the Court declines to exercise supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL discrimination claims.

IV.     Motion to Dismiss.

Alternatively, plaintiff's claims are dismissed for willful noncompliance with court orders pursuant to Rule 37(b)(2)(A)(v), Fed. R. Civ. P. and the Court's inherent power to sanction litigants who abuse the judicial process.  Plaintiff has repeatedly failed to comply with judicial orders to respond to the defendant's discovery requests (Dkts. 58, 64), and orders to cease filing motions regarding service of process, (Dkts. 52, 60, 62), which the plaintiff has now filed ten times (Dkts. 42, 45, 47, 51, 57, 59, 61, 73, 76, 77).  See Rule 37(b)(2)(A)(v), Fed. R. Civ. P. (district court may dismiss action where party fails to obey an order to provide discovery); Sassower v. Field, 973 F.2d 75, 80-81 (2d Cir. 1992) (citing Chambers v. NASCO, 501 U.S. 32, 45-46 (1991)) ("The Supreme Court has made clear that a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons."); Chambers, 501 U.S. at 45 ("[O]utright dismissal of a lawsuit, . . . is a particularly severe sanction, yet is within the court's discretion.").

Several factors should be considered when exercising discretion to impose sanctions under Rule 37, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance [;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). The plaintiff has been warned multiple times by the undersigned and by Magistrate Judge Gorenstein that his failure to comply with the Court's orders would result in dismissal, (see Dkts. 60, 62, 64), and the Office of Pro Se Litigation sent plaintiff a detailed letter explaining why his motions were unnecessary. (Dkt. 54). In dismissing plaintiff's sixth motion for summons, Judge Gorenstein wrote that it was "obvious that the plaintiff [was] deliberately violating the Court's Order not to file [these] motions." (Dkt. 60). Since that time, plaintiff has filed at least four more motions regarding service of process (Dkts. 61, 73, 76, 77), and failed to respond to the defendant's discovery requests, despite two orders directing him to do so or risk dismissal. (Dkts. 58, 64). Plaintiff's *pro se* status does not excuse his sustained noncompliance with court orders and accordingly his claims are dismissed. See Agiwal, 555 F.3d at 302 ("[A]ll litigants, including pro ses, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.") (internal citations and quotation marks omitted).

CONCLUSION

Defendant's motion for summary judgment and motion to dismiss are GRANTED. (Dkts. 67, 80). The Clerk is directed to terminate the motions, enter judgment for the defendant and to close this case.

7

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 21, 2017